# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NAKIA WOODSON, an individual,

    Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, INC., a foreign corporation, et al.,

    Defendants.

Case No. 2:07-cv-01080-KJD-LRL

**ORDER**

    Presently before the Court is Defendant's Renewed Motion for Summary Judgment (#61). Plaintiff filed a response in opposition (#63) to which Defendant replied (#66).

**I. Facts and Procedural History**

    In 2004, Plaintiff purchased a car with a loan secured from Defendant Capital One Auto Loans ("Capital One"). The car was reported stolen on June 25, 2006, and the insurance company sent a check to Defendant in the amount of $17,606.25 on July 25, 2006. On August 5, 2006, Defendant sent a letter to Plaintiff acknowledging receipt of the insurance check and demanding remittance of the remainder of the loan, which then totaled $5,447.00. Defendant then sent a series of letters, one on September 23, one on September 26, and one on September 29, warning Plaintiff that legal action might be taken on the account unless she paid the remainder of the balance in full. On September 29, 2006, Defendant sent another letter offering to settle the account at sixty-five percent

(65%) of the balance. Plaintiff had until October 31, 2006, to make payment and thereby accept the settlement offer. Defendant also refused to accept proceeds from the gap insurance claim to satisfy the terms of the settlement offer.

Meanwhile, on September 28, 2006, the insurance company sent a second payout on the insurance claim, a check for $3,650.63, this time addressed to Plaintiff, the check being made out to both Defendant and Plaintiff. On October 3, 2006, Plaintiff forwarded the check to Defendant along with a note stating that she wished to settle the account. Defendant credited the $3,650.63 to Plaintiff's account but did not close it. On November 1, 2006, Defendant sent a letter to Plaintiff offering to settle for fifty-five percent (55%) of the remaining $1,903.16 balance. During this time period, Defendant reported to consumer reporting agencies that Plaintiff was late on her payments, and later that Defendant had charged off the loan as bad debt. Plaintiff, during this time period, disputed the accuracy of the credit reports.

Plaintiff filed a Complaint under 15 U.S.C. § 1681 *et seq*. on August 14, 2007, alleging that Defendant supplied false information to the consumer reporting agency and failed in its duty to investigate a disputed claim brought to the consumer reporting agency. Defendant filed a motion seeking summary judgment (#52). The Court granted Defendant's motion for summary judgment on Plaintiff's 1681e and 1681f claims. However, the Court denied (#56) summary judgment on Plaintiff's 1681n and 1681o claims because it was unclear whether the security agreement included an acceleration clause or other expedited payment provision (#56). Subsequently, Defendant filed this Renewed Motion for Summary Judgment (#61) on Plaintiff's 1681n and 1681o claims, asserting that the Note and Security Agreement ("Agreement") included an acceleration clause.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ. P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the

initial burden of showing the absence of a genuine issue of material fact. See, Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III. Analysis**

Section 1681s-2 discusses the duties of a furnisher of information. Section 1681n imposes civil liability upon any person who "willfully fails to comply" with any requirement of section 1681 *et seq*. The Ninth Circuit has held that "a company is liable for a willful violation of FCRA if it 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" Reynolds v. Hartford Fin. Servs. Group, Inc., 435 F.3d 1081, 1085 (9th Cir. 2006) (quoting Cushman v. Trans Union Corp., 115 F.3d 220, 226 (3d Cir. 1997)). Section 1681o imposes civil liability upon any person "who is negligent in failing to comply" with any requirement of 1681 *et seq*., but damages under this section are limited to any actual damages as well as costs and fees.

In its motion, Capital One submitted an affidavit of its auto loan representative and attached a copy of the Agreement. The Agreement sets forth the terms of the auto loan. The Court finds that Capital One's Agreement with Woodson included an acceleration clause. The clause provides that Capitol One may demand immediate payment of the loan balance if the Plaintiff breaches any of the obligations in the Agreement. Plaintiff was obligated under the Agreement to provide a security interest in the vehicle that was purchased with the loan proceeds. Once the vehicle was stolen, she could no longer perform that obligation. Therefore, Capital One acted in compliance with the Agreement when it demanded payment on the remainder of the loan.

1  Because Plaintiff did not pay on the remainder of the loan, and still has not paid, Capital One did not act in conscious disregard for the rights of Plaintiff when it reported Plaintiff's activity to creditors. See Reynolds, 435 F.3d at 1085. Likewise, because Plaintiff failed to pay the balance on her loan, Capital One did not willfully or negligently fail to comply with the requirements of 1681s-2 when it reported Plaintiff's activities to credit agencies. Since Plaintiff has no claim under 1681n or 1681o, the Court grants Defendant's Renewed Motion for Summary Judgment.

**IV.  Plaintiff's Request for an Evidentiary Hearing**

The Court denies Plaintiff's request for an evidentiary hearing because Plaintiff has failed to support that request with points and authorities. Local Rule 47-9 requires that parties provide points and authorities to support motions. The failure to do so constitutes consent to the denial of the motion. In Plaintiff's Opposition to Defendant's Renewed Motion for Summary Judgment, Plaintiff merely includes "Request for Evidentiary Hearing" in the document title. Plaintiff's motion fails to explain what evidence would be adduced at that hearing. Accordingly, Plaintiff's request is denied.

**V. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Summary Judgment (#61) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Request for an Evidentiary Hearing (#63) is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter **JUDGMENT** for Defendant Capital One Auto Finance and against Plaintiff.

DATED this 1st day of July 2010

_____
Kent J. Dawson
United States District Judge